**Nune SIMIDYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71050.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., Michelle E. Gorden Latour, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Thomas Pinder, Esq., DOJ—U.S. Department of Justice, Criminal Division/Fraud Section, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM **

Nune Simidyan, a Russian native and Armenian citizen, petitions for review of a decision by the Board of Immigration Appeals. The Board dismissed Simidyan's appeal from the Immigration Judge's ("IJ") denial of an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review and remand for further proceedings.

The Board cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and did not express disagreement with any part of the IJ's oral decision. "When the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA."

*Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir.2005) (en banc).

## I

Simidyan argues that she was denied due process as a result of inadequate translation. Simidyan must show that "a better translation would have made a difference in the outcome of the hearing." *Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994) (internal quotations omitted). The record shows that Simidyan received "a fair opportunity to relate [her] version of events." *Id.* We cannot conclude that "faulty translation influenced the outcome of the proceedings." *Id.*

## II

Simidyan argues that the IJ failed to make an explicit adverse credibility finding. We agree.

The IJ stated that Simidyan's testimony lacked corroboration and contained "discrepancies and inconsistencies." The IJ further stated that she could "not rely specifically on [Simidyan's] detailed and credible testimony," and proceeded to deny relief on the merits. The IJ's conclusory statements are not sufficiently clear or specific to constitute an express adverse credibility finding.[1] *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003) (reversing where "IJ neither found Petitioner credible nor remained completely silent as to his credibility"); *Aguilera–Cota v. INS*, 914 F.2d 1375, 1383 (9th Cir.1990) ("The mere statement that a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Board's conclusion that Simidyan's "veracity had been placed into question" is equally deficient. The Board further erred by concluding that Simidyan was required to

produce corroborating evidence notwithstanding the absence of an express adverse credibility finding by the IJ. *See Sidhu v. INS*, 220 F.3d 1085, 1090 & n. 2 (9th Cir. 2000) (in absence of adverse credibility finding, corroborating evidence is not required to support asylum application).

petitioner is 'not entirely credible' is not enough.").

### III

 We reverse the IJ's decision, but we cannot say that "no doubts have been raised about [Simidyan's] credibility." *Hartooni v. INS,* 21 F.3d 336, 343 (9th Cir.1994) (internal quotations omitted). We remand for an express finding as to Simidyan's credibility—and to allow Simidyan an opportunity to provide corroborating evidence—and a subsequent determination whether she meets statutory eligibility requirements for asylum, withholding of removal and relief under CAT. *See id.;* *Mendoza Manimbao,* 329 F.3d at 660.

**PETITION FOR REVIEW GRANTED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Gipson's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.